SUMMARY ORDER

Xue Cie Xie, a native and citizen of the People’s Republic of China, seeks review of an April 22, 2008 order of the BIA affirming the January 11, 2007 decision of Immigration Judge (“IJ”) George T. Chew, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Xue Cie Xie, No. A99 538 110 (B.I.A. Apr. 22, 2008), aff'g No. A99 538 110 (Im-mig. Ct. N.Y. City Jan. 11, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA issues an opinion that fully adopts the IJ’s decision, this Court reviews the IJ’s decision. See, e.g., Chun Gao v. Gonzales, 424 F.3d 122, 124 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
We conclude that the agency’s adverse credibility finding is supported by substantial evidence. For asylum applications governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, like the one at issue here, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(l)(B)(iii). We “defer ... to an IJ’s credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.” Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008).
Here, the IJ noted three inconsistencies in the record. First, Xie testified that his encounter with government cadres during Easter 2005 occurred on April 16, while in 2005 Easter was celebrated on March 27. Second, the IJ found that Xie provided inconsistent testimony about where he went after the cadres broke up the Easter meeting, stating in his application that he went straight home yet testifying before the IJ that he went to his sister’s and/or aunt’s house. Finally, the IJ noted that Xie first testified that the cadres came to his house for the first time in June 2005, which contradicted his earlier statement that the cadres had come to his house the day after they broke up the Easter meeting in April 2005. Under the REAL ID Act, it was proper for the IJ to rely on *437 these inconsistencies in making his adverse credibility determination. 8 U.S.C. § 1158(b) (1) (B) (iii). Further, the IJ was not required to credit Xie’s explanations for these inconsistencies where a reasonable fact-finder would not have been compelled to do so. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d cir.2005). Accordingly, we find that the IJ’s denial of Xie’s asylum application was proper.
Further, inasmuch as Xie based his claim for withholding of removal on the same factual predicate as his asylum claim, that claim necessarily fails. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006). Finally, we find that Xie has abandoned his CAT claim by failing to raise it in his brief to this Court. Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).